United States District Court
Southern District of Texas

**ENTERED**

January 28, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORAH A. RICHARD, *a Texas citizen*, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 4:20-CV-3037 |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | § § § | |
| Defendant. | § § | |

## ORDER

Pending before the Court is Plaintiff Deborah A. Richard's ("Plaintiff") Motion for Summary Judgment. (Doc. No. 17). Defendant Portfolio Recovery Associates, LLC ("Defendant") responded to the Motion, (Doc. No. 20), and Plaintiff replied in support of her Motion. (Doc. No. 26). Also pending before the Court is Defendant's Motion for Summary Judgment (Doc. No. 22). Plaintiff responded in opposition, (Doc. No. 25), and Defendant replied in support (Doc. No. 27). After reviewing the motions, the briefings, and the relevant law, the Court denies Plaintiff's Motion for Summary Judgment (Doc. No. 17) and grants Defendant's Motion for Summary Judgment (Doc. No. 22).

### I.    Background

Beginning in 2019, Defendant, a debt collection agency, began calling Plaintiff in an attempt to collect a debt owed on a New York & Company credit card account (the "Account") owned by Deborah L. Richard. On April 6, 2020, Plaintiff finally answered one such phone call. At the beginning of the phone call, Defendant's agent asked if she was speaking to "Deborah

Richard," the name associated with the Account. Plaintiff responded affirmatively. Defendant's agent then verified that Plaintiff's address matched the address associated with the Account, which Plaintiff also confirmed. Then, when Plaintiff asked for the reason behind the phone call, Defendant's agent informed Plaintiff that she was calling to discuss a debt owed on a New York & Company credit card account. In response, Plaintiff stated "I don't have a New York & Company account." Hearing this, Defendant's agent sought to clarify the situation, and asked if Plaintiff's date of birth matched the one associated with the account. Plaintiff confirmed that her date of birth did not match the one on the Account and stated, "I've told [sic] several times, I am not the person that you're looking for."[1]

Plaintiff did, however, eventually tell Defendant's agent that she is likely looking for her daughter who has the same first and last name as Plaintiff—and occasionally the same address— and whose date of birth matches the date of birth on the Account. Defendant's agent responded by seeking the date of birth, phone number, and address of Plaintiff's daughter to see if the information matched that on the Account. Plaintiff responded that she had previously given her daughter's number to Defendant. Defendant's agent asked Plaintiff if she would like her number to be removed from the Account. Plaintiff said yes and the agent proceeded to do so.

On August 28, 2020, Plaintiff sued Defendant, alleging that Defendant violated 15 U.S.C. § 1692e by falsely, deceptively, or misleadingly representing that Plaintiff owed a debt that she did not owe.

## II.    Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as

---

[1] Defendant disputes this claim and argues that the first and only time that Plaintiff answered one of Defendant's phone calls was on April 6, 2020. (Doc. No. 22-1, Ex. A). Plaintiff has not asserted any cause of action that is based upon the number of phone calls made by Defendant in her Complaint, and therefore, the Court need not resolve this question. *See* (Doc. No. 1).

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the Court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

### III.   Analysis

Plaintiff and Defendant have each filed motions for summary judgment on the issue of whether Defendant violated the Federal Debt Collections Practice Act ("FDCPA"), which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. They both factually rely on the transcript of the April 6th call. Each side has also briefed the issue of whether Defendant may seek refuge in the "bona fide error" affirmative defense, set forth in 15 U.S.C. § 1692k(c). The Court will address these issues in turn. Furthermore, as a result of the cross-motions, the Court will address the motions together.

A. The FDCPA Claim

To prevail on a FDCPA claim, Plaintiff must show (1) that she was the object of collection activity arising from a "debt" as defined by the FDCPA; (2) that Defendant is a "debt collector" as defined by the FDCPA; and (3) that Defendant engaged in an act or omission prohibited by the FDCPA. *In re Trevino*, 615 B.R. 108, 133 (Bankr. S.D. Tex. 2020); 15 U.S.C. § 1692a(5). The first and second factors are not in dispute. Both sides agree they are satisfied.

There are several standards that may be used to determine whether a defendant has violated the FDCPA, but "[t]he most widely used, objective standard for determining alleged violations of the statute is the likely effect of the debt collector's communication or conduct on the least sophisticated consumer." *Liu v. Arrow Fin. Servs., LLC*, No. CIV.A. H-08-3116, 2010 WL 1994190, at *2 (S.D. Tex. May 17, 2010). "This standard serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318–19 (2d. Cir. 1993)). The "unsophisticated consumer" is "neither shrewd nor experienced in dealing with creditors," but it is not "tied to the very last rung on the [intelligence or] sophistication ladder." *Gsowami v. Am. Collections Enter.*, 377 F.3d 488, 495 (5th Cir. 2004) (alteration in original).

In its Complaint, Plaintiff alleges that Defendant's conduct violated 15 U.S.C. § 1692e(2)(A), which prohibits a debt collector from using "the false representation of the character, amount, or legal status of any debt." *See* (Doc. No. 1). Plaintiff points to the transcript of the April 6th phone call to argue that Defendant disregarded Plaintiff's statement that she was not the debtor in question, and after explaining this, that Defendant "did not immediately remove her number and

4

instead attempted to get her to leave it on the account." (Doc. No. 17). Plaintiff concludes that because Defendant sought to collect from her a debt that she did not owe, Defendant violated 15 U.S.C. § 1692e.

Defendant argues that a complete examination of the phone call transcript reveals that no FDCPA violations occurred, because after Plaintiff explained that she was not the debtor associated with the Account, Defendant's agent acknowledged that there may be a mistake, confirmed the mistake by verifying Plaintiff's date of birth, and no longer sought to collect the debt from Plaintiff. (Docs. No. 20, 22). Defendant points to Plaintiff's deposition for support:

> Q: Did the agent, on the phone call, try to collect any money from you?
> A: Well, no. I guess when she asked—well she told—well she—when she said, "May I speak to Deborah Richard." I said, "This is Deborah speaking." And she said, "Do you live at 171 Moonridge?" And I asked her what was the nature of the call, and she said, "I'm calling about a debt. I'm calling from Portfolio." And she did—well she told me, you know, how much the debt was. And she didn't specifically say, can you pay this debt? She said, you owe this debt."
> Q: All right. Did she ask you for a credit card number to put—or a credit card to put towards the debt?
> A: No.
> Q: Did she ask for a—if you wanted to make a wire payment for the debt?
> A: No.
> Q: Did she ask you if you wanted to send a check to pay off the debt?
> A: No.
> Q: Did she offer you a payment options on the debt?
> A: No.

(Doc. No. 17-1, Ex. C). The remaining portion of the phone call included Defendant's agent's attempts to gather information about Plaintiff's daughter—the actual debtor Defendant sought to reach—from Plaintiff in order to update the information on the Account. In sum, Defendant argues that once Plaintiff identified the point of confusion, it ceased any attempt to collect the debt from Plaintiff, and therefore, no false representation was made to Plaintiff.

The Court finds that Defendant did not violate 15 U.S.C. § 1692e. The evidence makes

clear that, during the April 6th phone call, Plaintiff informed Defendant almost immediately that she was not the debtor they were attempting to reach. Defendant, who had not taken any steps to collect the debt from Plaintiff beyond making the phone call, immediately acknowledged Plaintiff's denial and ceased attempting to collect the debt from her. Even the least sophisticated consumer would be able to understand Defendant's actions—after confirming that Plaintiff was not the debtor associated with the account—were not false representations of the character, amount, or legal status of the debt. None of the proffered evidence suggests that Defendant continued its attempts to collect the debt on the Account from Plaintiff during the remainder of the April 6th call or at any other time in any other fashion following the call. Therefore, the Court denies Plaintiff's Motion for Summary Judgment, (Doc. No. 17), and grants Defendant's Motion for Summary Judgment. (Doc. No. 22).

B. The Bona Fide Error Defense

Even if the Court were to find that Defendant did violate the strict terms of 15 U.S.C. § 1692, Defendant would, as a matter of law, still prevail. The statute provides for a defendant to raise a "bona fide error" affirmative defense. 15 U.S.C. § 1692k(c). To successfully raise this defense, a debt collector must show (1) that the presumed statutory violation was not intentional, (2) that the presumed violation resulted from a bona fide error, and (3) that the defendant maintained procedures reasonably adapted to avoid any such error. *Liu* 2010 WL 1994190, at *7. "A bona fide error is [an error] 1. Made in good faith, without fraud and 2. Sincere; genuine." *Id.* (internal citations and quotations omitted).

Plaintiff argues that when she answered the call on April 6, she informed Defendant's agent that she had never had a New York & Company account. Plaintiff contends that Defendant's agent disregarded her denial by continuing with the "mini-*Miranda*," informing her that the purpose of

6

the call to collect a debt while identifying the amount owed. By not immediately removing Plaintiff's number upon learning that Plaintiff was not the debtor sought, Plaintiff argues that Defendant violated the FDCPA. Plaintiff further argues that Defendant's bona fide error defense fails because Defendant stated in an interrogatory answer "that no error occurred and no facts exist to support the defense." (Doc. No. 17, at 7) (citing to Doc. No. 17-1, Ex. E).

In response, Defendant argues that it included the affirmative defense of bona fide error in the alternative in response to a discovery question. (Doc. No. 17-1, Ex. E).[2] Furthermore, Defendant argues that at no point did it intend to collect a debt from Plaintiff, but only to collect a debt from Plaintiff's daughter. To support this argument, Defendant points to the transcript of the April 6th phone call (Doc. No. 17-1). Defendant similarly argues that, because the transcript demonstrates that the error was clearly unintentional, the error was bona fide. Finally, Defendant points to the affidavit of Lecinda Stacy to support the contention that Defendant maintained procedures reasonably adapted to avoid such error. (Doc. No. 20-1).

In its Reply in Support, Plaintiff alleges that Defendant cannot prove that its error was unintentional and reaffirms its contention that Defendant has failed to admit any error occurred and therefore should be unentitled to the bona fide error defense. (Doc. No. 25).

The Court finds that Defendant is entitled to the bona fide error defense. Defendant asserted the affirmative defense of bona fide error in its Answer and its interrogatory responses. (Doc. No. 7); (Doc. No. 17-1, at 19). While it is true that Defendant stated that it did not believe that an error had occurred, per the Federal Rules of Civil Procedure, affirmative defenses may be pled in the alternative. *Trinity Carton Co., Inc. v. Falstaff Brewing Corp.*, 767 F.2d 184, 197 n.15 (5th Cir. 1985).

---

[2] Defendant also raised this affirmative defense in its original Answer. (Doc. No. 7).

7

First, the so called "mini-*Miranda*" warning about which Plaintiff complains is required by the very statute under which Plaintiff is making her claims. *See* 15 U.S.C. § 1692e(11). Thus, by providing the warning, Defendant was simply complying with the requirements of the statute. Second, a review of the April 6th transcript makes clear that Defendant unintentionally (but reasonably) contacted Plaintiff with respect to the debt on the Account because the name and address associated with the Account matched that of Plaintiff. After Plaintiff informed Defendant's agent that she was not the owner of the account in question, Plaintiff confirmed this information by asking if the date of birth associated with the Account matched Plaintiff's date of birth. When Plaintiff confirmed this was not her date of birth, but her daughter's, Defendant's agent ceased any pursuit of collection from Plaintiff, instead asking for Plaintiff's daughter's contact information to update the Account. She told the agent that she did not have her daughter's phone number.

The transcript shows, and the affidavit confirms, that Defendant's action was unintentional and that the call to Plaintiff was the result of a bona fide error, given the confusing information on the Account. The entire conversation appears to have been brief, as its entire transcript extends barely over three pages. *See* (Doc. No. 17-1, Ex. D). Plaintiff's daughter gave the same name and address as Plaintiff. Defendant can hardly be expected to know there were two women named "Deborah Richard" living at the same address until someone informed them of that. Moreover, Defendant could hardly be expected to know the daughter's correct phone number if her own mother did not know it. It is clear that Defendant's procedures to verify contact information (such as asking for date of birth) cleared up the confusion, demonstrating that the procedures in place were clearly reasonably adapted to prevent error. Furthermore, there is no dispute that Defendant ceased contacting Plaintiff's number after learning of the error. The Court finds that there is no genuine issue of material fact that Defendant is entitled to the bona fide error defense.

## IV.    Conclusion

For the reasons stated, the Court finds that Plaintiff's Motion for Summary Judgment is denied, (Doc. No. 17), and Defendant's Motion for Summary Judgment is granted. (Doc. No. 22).

Signed at Houston, Texas, this 28th day of January, 2022.

Andrew S. Hanen
United States District Judge